UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GILBERT LAU | CIVIL ACTION NO. 23-1685 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| THRIFTY DISCOUNT LIQUOR & WINES, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Defendants Thrifty Liquor No. 10, L.L.C. ("Thrifty"),[1] Roland P. Toups II ("Toups"), and Elizabeth Patterson ("Patterson") (collectively, "Defendants") are before the Court on a Motion to Dismiss (Record Document 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is **GRANTED** and all claims asserted by Plaintiff Gilbert Lau ("Lau") against Patterson and Toups as well as the "claim of prima facie tort" and "respondeat superior" claim asserted by Lau against Thrifty, Patterson, and Toups are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Lau claims that he was employed by Thrifty from December 8, 2022 until December 13, 2022, when Thrifty's store manager, Patterson, allegedly informed him that she was taking him off the schedule because of his dyslexia. See Record Document 3 at 2. On May 4, 2023, Lau filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") alleging that Thrifty violated the Americans with Disabilities Act (the "ADA") by removing him from the schedule due to his disability. Record Document 3-1 at 14. The EEOC closed its file and issued a "Conciliation Failure

---

[1] Thrifty is incorrectly named as Thrifty Discount Liquor and Wines.

and Notice of Rights" to Lau on August 29, 2023, in which it notified Lau of his right to sue. See id. at 16.

On November 21, 2023, Lau, proceeding *pro se*, filed a complaint in which he named Thrifty, Toups, and Patterson as Defendants. See Record Document 1. Lau filed an amended complaint on November 28, 2023. See Record Document 3. Lau seeks compensatory and punitive damages, declaratory relief, injunctive relief, and any other relief the Court deems appropriate. See id. at 5. Lau appears to assert the following claims against Defendants: (1) a discrimination claim under the ADA; (2) a discrimination claim under the Louisiana Employment Discrimination Law (the "LEDL"); and (3) an unspecified tort claim.

Defendants filed their Motion to Dismiss on February 15, 2024. See Record Document 13-1. Lau filed a Memorandum in Opposition to Defendants' Motion to Dismiss on February 29, 2024. See Record Document 18. Defendants Filed a Reply Memorandum in Support of the Motion to Dismiss on March 6, 2024. See Record Document 21.

**LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true

2

(even if doubtful in fact)." Twombly, 550 U.S. at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

Defendants seek to dismiss the following claims under Rule 12(b)(6): (1) all claims asserted by Lau against Toups and Patterson; (2) the "prima facie tort" claim asserted by Lau against all Defendants; and (3) the "respondeat superior" claim asserted by Lau against all Defendants. See Record Document 13 at 1. Specifically, Defendants submit that Lau's claims should be dismissed because: (1) Lau has failed to state a valid cause of action against Toups or Patterson under the ADA; (2) Lau has failed to state a valid cause of action against Toups or Patterson under the LEDL; and (3) Lau has failed to state a valid cause of action against any of the Defendants for any tort. Record Document 13-1 at 3.

3

The Court has reviewed Lau's pleadings and agrees that he has failed to state a claim upon which relief can be granted against Toups or Patterson under the ADA or under the LEDL as well as against any of the Defendants for any tort. As correctly stated in the Motion to Dismiss, individual defendants like Toups and Patterson cannot be held liable under the ADA or under the LEDL. Moreover, Lau fails to allege facts sufficient to state a valid tort claim, and, even if he did allege sufficient facts, his exclusive remedy would be worker's compensation. Therefore, these claims must be dismissed.

**A.     ADA Claim.**

Lau asserts a discrimination claim under the ADA against all Defendants. District courts within the Fifth Circuit have concluded that there is no individual liability under the ADA. See Parker v. Benteler Steel Tube Mfg. Corp, CV 17-1453, 2018 WL 3685383, at *3 (W.D. La. Jul. 18, 2018) (dismissing ADA claims against individual defendants and reasoning that individual non-employers are not subject to personal liability under the ADA); Franklin v. City of Slidell, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) ("Considering (a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit, this Court finds that individuals are not subject to liability under Title I of the ADA."); Robertson v. Neuromedical Ctr., 983 F. Supp. 669, 670 n.1 (M.D. La. 1997) (dismissing ADA claims against several individual doctors and reasoning that, because there is no individual liability under Title VII or the ADEA, there should be no individual liability under the ADA).

4

As stated by Lau in his Complaint, Lau was employed by Thrifty, not by Patterson or Toups in their individual capacities. Since neither Patterson nor Toups were Lau's employer, they cannot be held liable under the ADA. Therefore, Lau's ADA claim against Patterson and Toups in their individual capacities must be dismissed.

**B.     LEDL Claim.**

Lau also asserts a discrimination claim under the LEDL against all Defendants. Like the ADA, to be held liable for discrimination under the LEDL, one must be an employer. See LA. REV. STAT. ANN. § 23:301, *et. seq.* In other words, "one must (1) receive services from an employee and in return give compensation to that employee and (2) must meet the requirement of a minimum number of employees." Montgomery-Smith v. La. Dep't of Health & Hosps., 299 F. Supp. 3d 790, 808 (E.D. La. 2018), aff'd sub nom. Montgomery-Smith v. George, 810 Fed. App'x 252 (5th Cir. 2020). Since Patterson and Toups were not Lau's employer, Lau's LEDL claim against Patterson and Toups in their individual capacities must be dismissed.

**C.     Unspecified Tort Claim.**

Lau's third cause of action set forth in his Amended Complaint is titled "Pendant Claim of Prima Facie Tort." Record Document 3 at 5. He claims that Defendants "inflicted harm upon [him] without excuse or justification of disinterested malevolence." Id. Lau further alleges that Thrifty (which he identifies as Toups' and Patterson's employer) is "liable under the doctrine of [r]espondeat superior for their tortious actions." Record Document 3 at 5. However, Lau fails to allege any facts to support these claims. Thus, Lau failed to plead facts sufficient to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a)(2). Therefore, these claims must be dismissed.

Moreover, the Louisiana Workers' Compensation Act ("LWCA") specifically provides that an employee's rights under the statute are exclusive of all other rights, remedies, and claims for damages. See Gonzales v. T. Baker Smith, LLC, Civil Action No. 13-644-SDD, 2014 WL 905281, at *2 (M.D. La. Mar. 7, 2014) (citing LA. REV. STAT. ANN. § 23:1032(A)(1)(a)). Louisiana courts have interpreted this law to mean that an employee cannot sue his employer for damages in tort. See Gonzales, 2014 WL 905281, at *2; see, e.g., Jones v. Geo Engineers, Inc., No. 10-232, 2011 WL 1347989, at *6 (M.D. La. Apr. 8, 2011); Pearson v. IHOP, No. 09-3071, 2010 WL 971798 (E.D. La. Mar. 10, 2010); Gilpin v. Elmer Candy Corp., No. Civ.A. 99-1475, 2000 WL 713195, at *3 (E.D. La. Jun. 2, 2000) ("a claim for negligent infliction of emotional distress arising out of the course and scope of employment is barred by the exclusive remedy rule of worker's compensation law.").

Lau has not alleged any activity by Defendants that arose outside of the course and scope of his employment. In fact, Lau states in his Amended Complaint that "[a]t all relevant times, all defendant[s] . . . acted for, upon, and in furtherance of their employer's business and within the scope of their employment." Record Document 3 at 5. Thus, any other claim Lau asserts based on Defendants' alleged negligence is barred by the LWCA and therefore must be dismissed.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Lau has failed to set forth factual allegations that raise a right to relief above the speculative level as to his ADA and LEDL claims against Patterson and Toups and his unspecified tort claims against Thrifty, Patterson, and Toups. Accordingly, Defendants' Motion to Dismiss (Record Document

13) is **GRANTED** and all claims asserted by Lau against Patterson and Toups as well as Lau's claims of "prima facie tort" and "respondeat superior" against Thrifty, Patterson, and Toups are **DISMISSED WITH PREJUDICE**. Lau's ADA and LEDL claims against Thrifty remain.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of August, 2024.

_____
United States District Judge