UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GILBERT LAU | CIVIL ACTION NO. 23-1685 |
| VERSUS | JUDGE DONALD E. WALTER |
| THRIFTY DISCOUNT LIQUOR & WINES ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is an appeal of Magistrate Judge Mark L. Hornsby's order denying Gilbert Lau's ("Lau") motion for the United States Marshal Service to serve subpoenas and for an extension of the discovery deadline. See Record Documents 35, 36, and 40. Defendant, Thrifty Liquor No. 10, L.L.C.[1] ("Thrifty") filed an opposition to that appeal.[2] See Record Document 44. Lau filed two replies, two supplemental replies, and an amended reply. See Record Documents 54, 55, 60, 61, and 62. For the reasons stated below, Lau's appeal of Magistrate Judge Hornsby's order (Record Document 40) is **DENIED**.

**BACKGROUND**

The discovery deadline in this matter was initially set for December 6, 2024. See Record Document 26. On November 13, 2024, Lau filed an opposed motion for extension of time to complete discovery. See Record Document 29. Lau explained he needed an extension "to compel testimony from a key third-party witness—[his] co-worker from Thrifty." Id. at 1. Magistrate Judge Hornsby granted this motion and extended the discovery deadline to March 3, 2025, to allow the

---

[1] Thrifty Liquor No. 10, L.L.C. has been incorrectly named as Thrifty Discount Liquor & Wines in this matter.
[2] All other previously named Defendants have been dismissed from this matter. See Record Documents 22 and 23.

parties "to complete all appropriate discovery and file any motions to compel." Record Document 30 at 1.

On February 19, 2025, Lau filed a motion for the United States Marshal Service to serve subpoenas and for an extension of the discovery deadline. See Record Document 35. In this motion, Lau explained he had served "Notices of Deposition" to Sirwanda Hall ("Hall"), Dr. Martha Wafher, M.D. ("Dr. Wafher"), and Dr. Afet Seidler, D.O. ("Dr. Seidler"). See id. at 1. Those depositions were purportedly scheduled for March 28, 2025, April 29, 2025, and April 30, 2025. See Record Document 35-1 at 1, 4, 7. Lau requested an extension until May 30, 2025, to complete this discovery. See Record Document 35 at 1.

On February 21, 2025, Magistrate Judge Hornsby denied Lau's motion. See Record Document 36. Magistrate Judge Hornsby noted the Court had previously extended the discovery deadline, and the requested extension would require the Court to move the dispositive motion deadline. Id. at 1. Magistrate Judge Hornsby further found Lau "ha[d] not shown good cause for his delay in requesting these subpoenas and depositions." Id.

On April 15, 2025, nearly two months after the denial and approximately two weeks after Thrifty filed a motion for summary judgment (Record Document 38), Lau filed the instant appeal of the denial.[3] See Record Document 40. Lau argues his "right to present witnesses is paramount." Id. at 4. He further avers he "demonstrated good cause for the issuance of subpoenas and the scheduling of depositions" because his "request is timely and justified." Id. He maintains the denial of his motion "infring[ed] on his procedural due process rights." Id.

---

[3] A party has fourteen days from service of a non-dispositive order by a magistrate judge to object. See Fed. R. Civ. Pro. 72(a). Here, Lau waited nearly two months to file the instant appeal, meaning such filing is plainly untimely. Nevertheless, bearing in mind that Lau is a *pro se* plaintiff and noting the lack of an objection on this ground by Thrifty, the Court will consider the merits of Lau's motion.

2

In response, Thrifty argues Magistrate Judge Hornsby "correctly found that good cause was lacking for [Lau's] second request to extend the discovery deadline." Record Document 44 at 3. Thrifty maintains Lau did not demonstrate good cause, for he failed to explain "the delay in previously deposing these witnesses, particularly given the nearly three-month extension previously granted." Id. Thrifty further argues Lau "failed to demonstrate the importance of the requested extension." Id. Finally, Thrifty argues reopening discovery would prejudice it because it "relied on the deadlines set forth in the scheduling order when it timely filed its pending motion for summary judgment." Id.

Lau filed several replies. See Record Documents 54, 55, 60, 61, and 62. Lau generally argues that Magistrate Judge Hornsby erred because Lau needs additional time to complete discovery to allow him to receive important documentation and to depose witnesses. See generally Record Documents 54, 60, 61, and 62. Lau additionally argues Thrifty's counsel agreed discovery was incomplete during Lau's deposition, which he avers supports extending the discovery period. See generally Record Documents 55 and 60-1. Lau maintains he "has demonstrated good cause and due diligence, warranting the relief he seeks." Record Document 61 at 9.

## LAW & ANALYSIS

A magistrate judge may rule directly on a non-dispositive pretrial motion. See 28 U.S.C. § 636(b)(1)(A). A party may object to or appeal any such ruling to the district court. See Fed. R. Civ. P. 72(a). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Drabovskiy v. Young, No. 09-CV-397, 2009 WL 3925315, at *1 (W.D. La. Nov. 18, 2009). The district court may only modify or set aside an order that "is clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a). "An order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been

3

committed.'" Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511 (1985)).

Thus, for this Court to grant Lau's appeal, it must find Magistrate Judge Hornby's denial of Lau's motion for an extension was clearly erroneous or contrary to law. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts consider four factors to determine whether the movant has established good cause to modify a scheduling order: "(1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice." Gaudet v. Howard L. Nations, APC, No. 19-CV-10356, 2021 WL 2446203, at *3 (E.D. La. June 15, 2021). Importantly, the party moving to modify a scheduling order must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The Fifth Circuit has recognized that "[m]ere inadvertence on the part of the movant, even when coupled with the absence of prejudice to the non-movant, is insufficient to establish good cause." Newsome v. Int'l Paper Co., 123 F.4th 754, 767 (5th Cir. 2024) (alteration in original) (quoting Akpan v. United States, No.16-CV-2981, 2017 WL 6527427, at *2 (S.D. Tex. Dec. 21, 2017)).

Having reviewed the filings herein, the Court find Magistrate Judge Hornsby's denial of Lau's motion for service of subpoenas and for an extension of the discovery deadline was neither clearly erroneous nor contrary to law. Lau's original motion is absent of any explanation for his failure to schedule the depositions for Hall, Dr. Wafher, and Dr. Seidler during the Court's extended discovery period. Lau likewise does not explain how he acted diligently during that extended

4

discovery period. As such, Magistrate Judge Hornsby's finding that Lau "ha[d] not shown good cause for his delay in requesting these subpoenas and depositions" is plainly not clearly erroneous or contrary to law. Record Document 36 at 1. In subsequent filings, Lau has attempted to satisfy the good cause standard. Magistrate Judge Hornsby did not have these arguments before him and cannot be said to have acted clearly erroneously or contrary to law by failing to consider these arguments.[4]

Therefore, the Court finds the factors weigh against finding good cause for a modification of the scheduling order. Magistrate Judge Hornsby's denial of Lau's motion for service of subpoenas and for an extension of the discovery deadline was neither clearly erroneous nor contrary to law. As such, Lau's appeal of that order must be denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Lau's appeal (Record Document 40) of Magistrate Judge Hornby's order (Record Document 36) denying motion for service of subpoenas and for an extension of the discovery deadline is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of October, 2025.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] Even if the Court were to consider these additional arguments, the Court's conclusion would not change because Lau still fails to show he was unable to meet the discovery deadline despite his due diligence. Indeed, his own submissions suggest that he was aware of the need to depose witnesses at a much earlier point and that he failed to request purportedly important documentation until after the close of discovery. See e.g., Record Documents 54-1 at 2 (request for Lau's Individualized Education Plan dated May 30, 2025) and 60 at 14 (discovery request disclosing the name of Lau's coworkers on November 6, 2024). As such, Lau has not shown good cause for extending the discovery deadline.