# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| GILBERT LAU | CIVIL ACTION NO. 23-1685 |
| VERSUS | JUDGE DONALD E. WALTER |
| THRIFTY DISCOUNT LIQUOR & WINES ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendant, Thrifty Liquor No. 10, L.L.C. ("Thrifty").[1] See Record Document 38. Plaintiff, Gilbert Lau ("Lau"), filed an opposition to which Thrifty replied. See Record Documents 53 and 58. The day after Thrifty replied, Lau filed an amended opposition. See Record Document 59. That amended opposition was filed after the opposition deadline closed.[2] See Record Documents 52 and 59. For the reasons stated below, Thrifty's motion for summary judgment (Record Document 38) is **GRANTED**.

## BACKGROUND

This is a discrimination and breach of contract case stemming from Lau's employment with Thrifty. See Record Document 33. Lau alleges he suffers from dyslexia.[3] See id. ¶ 20. Lau worked at Thrifty as a store clerk from on or about December 5, 2022, to December 13, 2022. See id. ¶ 19-20 and Record Document 38-1 ¶ 1. A store clerk's responsibilities include "assisting customers

---

[1] Thrifty is incorrectly named as "Thrifty Discount Liquor and Wines" in this matter.

[2] In Lau's original opposition, he asked the Court to "extend the deadline until June 16, 2025," to allow him to submit a "separate Supplement [sic] memorandum of law." Record Document 53-1 at 9. No such extension was granted. Ordinarily, the Court would not consider an untimely filing and only does so here out of an abundance of caution because Lau is a *pro se* plaintiff.

[3] Lau allegedly suffers from other disabilities, but he confirmed in his deposition that dyslexia is the medical condition that forms the basis of his claims. See Record Document 38-5 at 17.

with product selection, processing customer transactions, stocking shelves, and ensuring compliance with age verification and liquor regulations." Record Documents 38-4 ¶ 6 and 38-5 at 10-11.

Elizabeth Patterson ("Patterson") worked as the manager during the relevant timeframe. See Record Documents 33 ¶ 5 and 38-1 ¶ 2. Patterson terminated Lau on December 13, 2022. See Record Documents 33 ¶ 20 and 38-1 ¶ 3. Patterson attests she terminated Lau because he "could not perform the duties required of his position," "had a poor attitude[,] and was rude to other employees and customers." Record Document 38-4 ¶¶ 7-10. Lau maintains Patterson terminated him because of his dyslexia. See Record Document 33 ¶ 20.

On November 21, 2023, Lau filed his first complaint. See Record Document 1. In this complaint, Lau raised an Americans with Disabilities Act ("ADA") claim, a Louisiana Employment Discrimination Law ("LEDL") claim, a prima facie tort claim, and a respondeat superior claim against Thrifty, Roland P. Toups, II ("Toups"), and Patterson (collectively "Defendants"). See id. On November 28, 2023, Lau filed an amended complaint. See Record Document 3. This amended complaint raised the same claims against the same parties. See id.

On February 15, 2024, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Lau's claims against Toups and Patterson and the prima facie tort claims and respondeat superior claims against all of the Defendants. See Record Document 13. On August 7, 2024, the Court granted the Defendants' motion and dismissed all claims asserted by Lau against Patterson and Toups and the prima facie tort and respondeat superior claims against Thrifty, Patterson, and Toups. See Record Documents 22 and 23. Left remaining were Lau's ADA and LEDL claims against Thrifty. See Record Document 23.

2

On February 7, 2025, Lau filed a motion for permission to file a second amended complaint. See Record Document 31. Lau stated he wanted to amend his complaint "to add a new cause of action, namely an oral breach of contract" claim against Thrifty and Toups. Id. at 1-2. The Court granted this motion, and Lau filed his second amended complaint on February 10, 2025. See Record Documents 32 and 33.

Besides the addition of the breach of oral contract claim and supporting facts, the second amended complaint appears to be virtually identical to Lau's previous complaints and raises the same ADA, LEDL, respondeat superior, and prima facie tort claims against all of the Defendants. See Record Document 33 at 4-5. The ADA and LEDL claims against Patterson and Toups and the respondeat superior and prima facie tort claims against all Defendants were previously dismissed with prejudice by this Court. See Record Document 23. "To the extent [Lau is] attempting to reallege claims under the same causes of action previously dismissed, those claims remain dismissed with prejudice, notwithstanding the allegations in [his] [Second] Amended Complaint." Berry v. LoanCity, 489 F. Supp. 3d 441, 449 (M.D. La. 2020). As such, the only remaining claims against Defendants include the ADA and LEDL claims against Thrifty and the breach of oral contract claim against both Thrifty and Toups. See Record Document 33 at 4-5.

On March 31, 2025, Thrifty moved to dismiss the ADA claim against it. See Record Document 38. Thrifty argues Lau "cannot establish a prima facie case of disability discrimination" because "[h]e has produced no legitimate evidence that he is in fact disabled for purposes of the ADA." Record Document 38-3 at 3. Lau maintains summary judgment is unwarranted because genuine disputes of material facts exist. See Record Documents 53 and 59.

3

## LAW & ANALYSIS

**I.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." Id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)). "[W]hen the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case." Austin v. Kroger Tex., L.P., 864 F.3d 326, 335 (5th Cir. 2017).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); see also Fed. R. Civ. P. 56(c)(1). "The court has no obligation to 'sift through the record

in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." Kim Kool Inc. v. Cobra Trucking LLC, 605 F. Supp. 3d 881, 884 (W.D. La. 2022) (quoting Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Because Lau is *pro se*, his "brief is entitled to liberal construction." Massay v. Fed. Corr. Inst.-Texarkana, 243 F. App'x 871, 873 (5th Cir. 2007). "'Although [courts] liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel,' *pro se* parties must still make arguments capable of withstanding summary judgment." Roberson v. McDonald Transit Assocs., Inc., 574 F. App'x 323, 326 n.4 (5th Cir. 2014) (quoting Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir.1995)); see also Austin v. Tate Cnty. Clerk, No. 24-CV-25, 2024 WL 4558848, at *2 (N.D. Miss. Aug. 13, 2024) ("[A] court does not 'invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect briefing.'") (quoting Jones v. Alfred, 353 F. App'x 949, 952 (5th Cir. 2009)).

## II.    The ADA.

The ADA, 42 U.S.C. §§ 12101, *et seq*, "is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." Taylor v. Principal Fin. Grp., Inc., 93 F.3d 155, 161 (5th Cir. 1996). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities "include, but are

not limited to, . . . learning, reading, concentrating, [and] thinking." 42 U.S.C. § 12102(2)(A). "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

"A plaintiff may establish a claim of disability discrimination [under the ADA] by presenting direct evidence of discrimination" or by using the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995). "Under the McDonnell Douglas analysis, a plaintiff must first make out a prima facie case of discrimination . . . ." Id. A prima facie case under the ADA requires a showing that: "(1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees." Id.

After a plaintiff makes the required prima facie showing, the burden shifts to the defendant to "'articulate some legitimate nondiscriminatory reason' for its action that adversely affected the employee." Id. (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093 (1981)). At this stage, the defendant employer "need not prove the legitimate reason," but "it must produce some evidence to support." Daigle, 70 F.3d at 396. "If the employer produces any evidence 'which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action,' then the employer has satisfied its burden of production." Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 113 S. Ct. 2742, 2748 (1993)).

After the defendant employer carries its burden, "the burden shifts back to the plaintiff to produce evidence from which a jury could conclude that the employer's articulated reason is pretextual." Williams v. J.B. Hunt Transp., Inc., 826 F.3d 806, 811 (5th Cir. 2016) (internal

quotation omitted). "In an ADA case . . . , a plaintiff may show pretext 'by showing that the employer's proffered explanation is false or unworthy of credence.'" Cruz v. R2Sonic, LLC, 405 F. Supp. 3d 676, 693 (W.D. Tex. 2019) (quoting Caldwell v. KHOU-TV, 850 F.3d 237, 242 (5th Cir. 2017)).

Thrifty moves for summary judgment on the basis that Lau cannot prove his prima facie case under the McDonnell Douglas framework. See Record Document 38. Thrifty argues summary judgment is warranted because Lau has not produced "legitimate evidence that he is in fact disabled for purposes of the ADA." Record Document 38-3 at 3. More specifically, Thrifty contends Lau has not "conclusively identif[ied] a doctor or medical provider who has actually diagnosed him with [dyslexia]," has been "unable to identify any documents that evidence his alleged diagnosis," and has "failed to produce any evidence demonstrating how his alleged medical condition substantially limits his ability to function in life or at work." Id. at 5-6. Because Lau bears the burden of proving he has a disability for his prima facie case, see Daigle, 70 F.3d at 396, Thrifty has met its initial summary judgment burden with its "allegation that the nonmovant has failed to establish an element essential to that party's case." Austin v. Kroger Tex., L.P., 864 F.3d at 335. The summary judgment burden thus shifts to Lau "to produce evidence or designate facts showing the existence of a genuine issue for trial." Distribuidora Mari Jose, S.A. de C.V., 738 F.3d at 706.

Lau argues he "has a wealth of evidence to support his claim," Record Document 53 at 3, but the only evidence he provides to the Court is his deposition, his affidavit, an affidavit from a third party, and documentation from the Equal Employment Opportunity Commission ("EEOC"). None of this evidence shows a genuine dispute as to whether Lau has a disability for purposes of the ADA. Most of Lau's arguments appear to be directed towards establishing that Patterson's

explanation for Lau's termination is pretextual.[4] However, the Court does not consider whether Thrifty's proffered reason for the termination is pretextual until the Court resolves the first two steps of the McDonnell Douglas inquiry. See Daigle, 70 F.3d at 396. A genuine dispute on whether Thrifty's proffered reason is pretextual would not defeat summary judgment because it has no bearing on whether Lau had a disability under the ADA. Similarly, Lau's reliance on the EEOC documentation does not suggest a genuine dispute here because it includes no specific findings as to Lau's disability and the extent of that disability.

The Court turns now to Lau's affidavit, Carlos E. Elise's ("Elise") affidavit, and Lau's deposition. In his deposition,[5] Lau stated he "learn[s] slow" and that he advised Defendants that they had "to be patient with [him]." Record Document 53-2 at 67-68. Elise attests that, based on his having known Lau for over forty years, Lau "struggles with writing logically and grammatically structured sentences," has "difficulties in writing coherently," and "processes and understands information at a slower pace." Id. at 2. He further attests that Lau's dyslexia "affects not only his reading and writing but can also impact his performance in other areas, such as mathematics[,] and he has spelling issues." Id. at 3. Lau attests he has dyslexia, which is "recognized as a disability," and his dyslexia "impact[s] [his] reading abilities and

_____

[4] For example, Lau cites to the third-party affidavit of Carlos E. Elise, arguing Elise "attests to the warm and hospitable environment provided to customers and visitors, which disputes [] Patterson's" explanation for Lau's termination. Record Document 53-1 at 2.

[5] Thrifty additionally argues that Lau's testimony that he could perform the essential functions of his job defeats his ADA claim. See Record Document 58 at 4. This is not the case. "[T]he assessment of whether an individual is disabled is made not just with respect to the workplace, but also by looking at the effect of the impairment on the individual's entire life." E.E.O.C. v. Chevron Phillips Chem. Co., LP, 570 F.3d 606, 619 (5th Cir. 2009). To grant summary judgment because Lau testified he could perform the essential functions of his job "would create an impossible catch-22 for [him]: if [his] disabilities prevented [him] from doing [his] job[] altogether [he] would not be [a] qualified individual[] for the job under the ADA, and if [he] [was] able to work through [his] disabilities [he] would then not be considered disabled." Id.

comprehension." <u>Id.</u> at 5. Specifically, he attests he has "consistently struggled with the challenges presented by [his] dyslexia, particularly in areas such as phonics, grammar, and reading comprehension." <u>Id.</u> at 6.

Ultimately, this evidence is insufficient to create a genuine dispute. Lau primarily seems to argue his symptoms are consistent with dyslexia symptoms and that dyslexia is a recognized disability. Where this argument falters is that "[n]either the Supreme Court nor [the Fifth Circuit] has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." <u>Griffin v. United Parcel Serv., Inc.</u>, 661 F.3d 216, 223 (5th Cir. 2011) (quoting <u>Waldrip v. Gen. Elec. Co.</u>, 325 F.3d 652, 656 (5th Cir. 2003)); <u>see also</u> <u>Mueck v. La Grange Acquisitions, L.P.</u>, 75 F.4th 469, 479 (5th Cir. 2023), <u>as revised</u> (Aug. 4, 2023) ("'Merely having an impairment' is not enough to qualify as disabled under the ADA—a plaintiff 'also need[s] to demonstrate that the impairment substantially limits a major life activity.'") (quoting <u>E.E.O.C. v. Chevron Phillips Chem. Co.</u>, 570 F.3d 606, 614 (5th Cir. 2009)).

The Court acknowledges that "[t]he term substantially limits' [is to] be construed broadly in favor of expansive coverage," 29 C.F.R. § 1630.2(j)(1)(i), but Lau must still proffer evidence of how his dyslexia substantially limits a major life activity. General facts courts consider include "the condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity" when "compared to most people in the general population." 29 C.F.R. § 1630.2(j)(4)(i). Here, Lau has not shown that his dyslexia "has actually and substantially limited the major life activity on

which he relies." <u>Griffin</u>, 661 F.3d at 223 (quoting <u>Waldrip</u>, 325 F.3d at 656). While he states his dyslexia generally causes some difficulties with spelling, writing, reading, and comprehension, he does not show how his dyslexia "substantially limits [his] ability . . . to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii); <u>see also</u> <u>Walters v. Shintech, Inc.</u>, No. CV 23-277, 2025 WL 918450, at *20 (M.D. La. Mar. 26, 2025) ("Plaintiff has not attested to any substantial limitations in major life activities as a result of her headaches, and she has therefore failed to establish a disability connected to her headaches."). The Court may not make those arguments for him. Because Lau has not shown how his dyslexia substantially limits a major life activity, he has not demonstrated a genuine dispute of material fact. As such, summary dismissal of his ADA claim is warranted, and Thrifty's motion for summary judgment of that claim is **GRANTED**.

Left remaining are Lau's state law claims. The Court has supplemental jurisdiction over Lau's state law LEDL and breach of contract claims pursuant to 28 U.S.C. § 1367. This Court may decline supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. "[N]o single factor is dispositive," but "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." <u>Brookshire Bros. Holding v. Dayco Prods., Inc.</u>, 554 F.3d 595, 602 (5th Cir. 2009).

Having considered the aforementioned factors, the Court declines to exercise supplemental jurisdiction. "[T]he second and third factors weigh heavily in favor of declining to exercise supplemental jurisdiction because only state law claims remain pending before the Court." Hughes v. Terminix Pest Control, Inc., No. 22-CV-3676, 2023 WL 2562720, at *4 (E.D. La. Mar. 17, 2023). The Court further finds that the "common law factors of judicial economy, convenience, fairness, and comity as applied to this case" do not support the exercise of supplemental jurisdiction. Brookshires Bros. Holding, 554 F.3d at 602. Notably, this Court has not "invest[ed] a significant amount of judicial resources" in this matter, and a trial date has not yet been set. Id. Because the relevant factors weigh against exercising supplemental jurisdiction, the Court declines to do so and dismisses Lau's state law LEDL and oral breach of contract claims without prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment (Record Document 38) filed by Thrifty is **GRANTED**. Lau's ADA claim against Thrifty is **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that Lau's state law LEDL claim against Thrifty and his state law breach of oral contract claim against Toups and Thrifty are **DISMISSED WITHOUT PREJUDICE**. Lau has thirty days following this dismissal to file his state law LEDL claim against Thrifty and his state law breach of oral contract claim against Toups and Thrifty in state court. See 28 U.S.C. § 1367(d).

A judgment consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of December, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

11