**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

GILBERT LAU

VERSUS

THRIFTY DISCOUNT LIQUOR & WINES ET
AL.

CIVIL ACTION NO. 23-1685

JUDGE DONALD E. WALTER

MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration filed by Plaintiff, Gilbert Lau ("Lau").[1]

See Record Document 69. Lau moves this Court to reconsider its October 24, 2025, order (Record

Document 66) denying his appeal (Record Document 40) of Magistrate Judge Hornsby's denial

(Record Document 36) of Lau's motion (Record Document 35) to serve subpoenas and for an

extension of the discovery deadline.[2] See id.

The Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider

*per se*. See Cormier v. Turnkey Cleaning Servs., L.L.C., 295 F. Supp. 3d 717, 719 (W.D. La. 2017).

In the Fifth Circuit, motions to reconsider have consistently been construed as motions seeking

relief under Rules 54(b), 59(e), and 60(b), which generally allow for the alteration or amendment

of a judgment or order. See id. Here, Lau seeks relief pursuant to Rule 54(b) and/or Rule 59(e).

---

[1] The Court received a courtesy copy of the motion for reconsideration on November 17, 2025, through email, but did not receive Lau's original motion for filing until December 5, 2025. That filing was postmarked December 4, 2025. See Record Document 69-3. Although the Court reviewed Lau's courtesy copy, the Court rules only on motions that are filed. In the interim, the Court has ruled on Defendant's motion for summary judgment and dismissed each of Lau's claims. See Record Documents 67 and 68. The Court shall consider Lau's request for relief notwithstanding that judgment.

[2] Lau additionally moves for "a thirty-day extension . . . to submit a comprehensive Memorandum of Law in support of this motion for reconsideration." Record Document 69 at 1. This request is **DENIED**.

However, "Rule 59(e) applies only to final judgments . . . ." <u>McClendon v. United States</u>, 892 F.3d 775, 781 (5th Cir. 2018). Because Lau is not seeking reconsideration of a final judgment,[3] the Court construes his motion as one brought pursuant to Rule 54(b).

"Rule 54(b) permits a district court to 'reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" <u>AIG Specialty Ins. Co. v. Agee</u>, No. 24-30245, 2025 WL 655069, at *4 (5th Cir. Feb. 28, 2025) (quoting <u>Six Dimensions, Inc. v. Perficient, Inc.</u>, 969 F.3d 219, 227 (5th Cir. 2020)). Having considered Lau's motion, the Court finds no sufficient reason for reconsidering its previous order. Lau contends reconsideration is warranted "to rectify significant factual errors that the Court overlooked." Record Document 69 at 2. However, the identified errors stem either from Lau's misunderstanding of the law[4] or Lau's misunderstanding of the Court's ruling.[5]

---

[3] Lau moves this Court to reconsider a discovery-related order, which is not a final judgment.

[4] Lau argues the Court "failed to acknowledge that United States Magistrate Judge Mark L. Hornby [sic] did not issue a formal 'Report and Recommendation.'" Record Document 69 at 3. He contends this purported oversight entitles him to relief because "the deadline for [] objections exists only when a formal 'Report and Recommendation' has been issued, a condition that was not met in this instance." <u>Id.</u> at 5. However, contrary to Lau's assertion, Magistrate Judge Hornsby did not need to issue a report and recommendation because he had direct authority to rule on that non-dispositive pretrial motion. <u>See</u> 28 U.S.C. § 636(b)(1)(A). Lau had fourteen days from service of that non-dispositive order to object and/or file an appeal, which he did not timely do. <u>See</u> Fed. R. Civ. P. 72(a). In any event, the Court considered the merits of Lau's motion despite the untimeliness. <u>See</u> Record Document 66 at 2 n.3.

[5] Lau argues the Court overlooked "significant testimony regarding [defendant's counsel's] acknowledgment that the deposition was incomplete . . . ." Record Document 69 at 3. However, the Court expressly noted that "Lau [] argues Thrifty's counsel agreed discovery was incomplete during Lau's deposition, which he avers supports extending the discovery period." Record Document 66 at 3. The Court broadly addressed this and other arguments, finding that "Magistrate Judge Hornsby did not have these arguments before him and cannot be said to have acted clearly erroneously or contrary to law by failing to consider" them. <u>Id.</u> at 5. The Court further found that those additional arguments "fail[ed] to show [Lau] was unable to meet the discovery deadline despite his due diligence." <u>Id.</u> at 5 n.4. Therefore, contrary to Lau's assertion, the Court did, in fact, consider both this argument and the relevant testimony.

Accordingly, the Court finds no sufficient reason for reconsidering its prior order, and Lau's motion for reconsideration (Record Document 69) is **DENIED**. Because reconsideration is not warranted, the Court finds no reason to disturb its previously issued memorandum ruling and judgment dismissing this matter. See Record Documents 67 and 68.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of December, 2025.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE