UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GILBERT LAU | CIVIL ACTION NO. 23-1685 |
| VERSUS | JUDGE DONALD E. WALTER |
| THRIFTY DISCOUNT LIQUOR & WINES ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a third motion for reconsideration filed by Plaintiff, Gilbert Lau ("Lau").[1] See Record Document 74. Relying on Federal Rule of Civil Procedure 59(e), Lau this time requests that this Court vacate its December 5, 2025, memorandum ruling and order dismissing his claims, asserting that the Court "overlooked material and dispositive facts, the correction of which is necessary to prevent manifest injustice." Record Document 74 at 1.

This Court has broad discretion in deciding motions to reconsider. See Templet v. HydroChem Inc., 367 F.3d 473, 482–83 (5th Cir. 2004). Generally, a motion to reconsider is appropriate "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used infrequently, and only in specific circumstances. Templet, 367 F.3d at 479. Motions to reconsider are not proper vehicles for rehashing evidence, legal theories, or arguments. See Whale Capital, L.P. v. Ridgeway, No. 22-2570, 2024 WL 894866 at *1 (E.D. La. Mar. 1, 2024). "A party seeking

---

[1] Lau also requests a thirty-day extension of time to file a "comprehensive Memorandum of Law in Support of Reconsideration." See Record Document 74 at 3. This request is **DENIED**.

reconsideration must show more than disagreement with the court's decision. . . ." Sundaram v. Flagstar Bank F.S.B., No. H-12-0491, 2012 WL 5336209, *2 (S.D. Tex. Oct. 26, 2012) (quotations and citation omitted). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id. (quotations and citation omitted).

Lau has not shown that this Court made a clear error of law that would result in a manifest injustice. Lau's motion to reconsider reasserts the same arguments contained in all of his previous filings. These arguments have been thoroughly considered by this Court. Simply stated, Lau has failed to satisfy the standard required by Rule 59(e) and has not shown a basis for relief. Accordingly, Lau's motion to reconsider is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of January, 2026.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE